UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
BERISH FREILICH,                                   :
                                                   :     Case No.:
                                  Plaintiff,       :
                                                   :     COMPLAINT
            - against -                            :
                                                   :
RELIN, GOLDSTEIN & CRANE, LLP,                     :
                                                   :
                                  Defendant.       :
------------------------------------------------------------- X

BERISH FREILICH (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RELIN, GOLDSTEIN & CRANE, LLP, (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant, is a collection agency with its principal place of business located at 28 East Main Street, Suite 1800, Rochester, NY 14614.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Despite residing in Kings, New York, the Defendant filed a lawsuit against the Plaintiff in the Supreme Court of the State of New York, County of Orange, for the collection of said debt.

13. Plaintiff's residence is in Kings County, and he has resided in Kings County since the early 1990's. See Plaintiff's redacted driver's license attached hereto as Exhibit 1, as well as Plaintiff's wife's driver's license attached hereto as Exhibit 2.

14. In fact, had Defendant actually pulled a driver's license abstract or conducted a reasonable investigation or skip trace as to Plaintiff's residence, Defendant would have easily discovered that Plaintiff resided in Kings, New York.

15. Despite all of the above, Defendant chose to sue Plaintiff for collection of said debt in Orange County, New York.

16. Defendant allegedly served Plaintiff at an Orange County address.

17. Although the Plaintiff was not served, Defendant represented to the state court that service was effectuated and on January 24, 2019 filed and obtained a default judgment against the Plaintiff. See Affidavit of Service attached hereto as Exhibit 3.

18. The Affidavit of Service alleges to have served Plaintiff's spouse, who was between 5'4" and 5'6" in height.

19. However, Plaintiff's spouse is 5'0", and weighs significantly less than the amount listed in the Affidavit of Service. Compare Exhibit 2 with Exhibit 3.

20. Using said default judgment, which was obtained via sewer service, Defendant proceeded in executing a bank levy on Plaintiff's account.

21. When Plaintiff contacted Defendant to inquire why his account was frozen and explain that service never occurred as Plaintiff never resided in Orange County, Defendant refused to consider the evidence, and instead bullied the Plaintiff into signing a release and settlement under duress. See said letter attached hereto as Exhibit 4.

22. Plaintiff only signed the subject letter due to the duress of having a significant amount of money frozen in his bank account, and his inability to wait several weeks for the court to hear any request to vacate the judgment as he would be unable to stop all business to wait for the court's decision.

23. Due to Defendant's actions, Plaintiff was forced to hand over $10,000.00 lump sum to unfreeze his account to allow him to continue his business, despite never being properly served, and Defendant's actions of suing him in a county which never had jurisdiction over the Plaintiff and Defendant's material misstatements to the state court alleging that the court had jurisdiction over the subject case and that service occurred.

24. In addition to the fear of this judgment obtained via sewer service, Plaintiff was even more worried about how many other frivolous lawsuits are possibly out there, now or in the future, in counties where he does not reside.

25. The above constitutes a "communication" as defined by 15 U.S.C. § 1692a(2).

26. The Defendant misrepresented to the Court that Kings County had jurisdiction over Plaintiff or over the subject matter.

27. The Defendant misrepresented to the Court that Defendant was properly served.

28. The Plaintiff was confused as to why Defendant would sue him in a faraway county and require him to travel hours to defend himself.

29. Plaintiff was and is fearful of the dishonest and sneaky tactics that Defendant has employed in an attempt to confuse him as to where to even go to court to defend himself.

30. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

31. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

32. 15 U.S.C. § 1692f prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of any debt.

33. 15 U.S.C. § 1692c(b) prohibits a debt collector to communicate with any person other than the consumer without the prior permission of the debtor.

34. 15 U.S.C. § 1692i(a)(2) requires a debt collector to bring a legal action only in a judicial district where the contract was signed or where the consumer resided at the commencement of the action.

35. Defendant's acts as described above is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

36. Defendant's acts as described above is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

37. Defendant's acts as described above is a false representation to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

38. Defendant's acts as described above is a deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

39. Defendant's acts as described above is the use of an unfair and unconscionable means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692f.

40. Defendant's acts as described above was a prohibited communication of a debt without the Plaintiff's consent in violation of 15 U.S.C. § 1692c(b)

41. Defendant's filing of this lawsuit in Kings County is in violation of 15 U.S.C. § 1692i(a)(2).

42. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692i(a)(2).

## JURY DEMAND

43. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

 a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

 b. Actual damages against Defendants pursuant to 15 U.S.C. § 1692k(a)(1); and

 c. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   d. Plaintiff's costs of retaining state court counsel to vacate the judgment; and

   e. Plaintiff's costs; all together with

   f. Such other relief that the Court determines is just and proper.

Dated: December 7, 2020

Brooklyn, New York

                                                          /s/ Joseph Balisok
                                               Joseph Balisok, Esq.
                                               251 Troy Ave
                                               Brooklyn, NY 11213
                                               Office (718) 928-9607
                                               Fax (718) 534-9747
                                               Joseph@LawBalisok.com
                                               Attorney for Plaintiff